Richards, J.
This is a proceeding in error to reverse a judgment of the court of common pleas, refusing to grant a petition for a new trial filed in that court after the term at which the original judgment was rendered. In the original case a verdict and judgment were rendered in favor of Thomas N. Kiger, the plaintiff, in the sum of $17,-000, by reason of personal injuries received by him, and that judgment was affirmed in this court, upon *58 the plaintiff consenting to a remittitur of such a sum as reduced the judgment to $9,000. '
The petition for a new trial was filed under authority of Section 11580, General Code, on the claim that the defendant could not, with reasonable diligence, have discovered until after the trial term the evidence which has since come to his knowledge. The grounds for new trial are succinctly stated in the brief of counsel for plaintiff in error, and are, as there set forth, three prime matters, namely: the conduct and posturing of Kiger in the presence of the jury, whereby he sought to give.a certain impression as to the condition of his injured foot, and upon which posturing certain witnesses based their evidence; his suppression of knowledge as to where a certain X-ray plate was and as to why it was not produced by the receiver.; and his evidence relating to a certain pair of shoes worn by him as switchman. The receiver also claims to have discovered since the trial, by the aid of certain detectives, evidence that Kiger used his foot in such a way as to show a practically normal condition, and that he, Kiger, had possession of the missing X-ray plate before the original trial. A large mass of evidence was taken in the common pleas court on the hearing of this petition for a new trial, all of which evidence, together with much of the evidence used on the first trial, has been embodied in a bill of exceptions filed in this court.
One of the items of evidence introduced in the trial court by the receiver was the film of a moving picture, and in that court these pictures were reproduced before the trial judge. Against the objection of counsel, for Kiger, this court on the hear *59 ing of the case ordered the reproduction, by a competent expert, of these moving pictures in the presence of this court, the record showing the speed at which they were reproduced in the trial court, and the same speed being used in this court.
We have no doubt of the power of a court in reviewing a case on error, involving this class of evidence, to order such reproduction, as it is no more than a method of unfolding an exhibit so as to make it visible to the court and place the reviewing court in possession of all the evidence which was used in the trial court. These moving pictures show Kiger walking along the street, with the aid of a crutch and cane, and it is contended that they show that he was able to, and did, place his left foot flat upon the sidewalk, which, if true, contradicts his testimony at the trial that he was unable to do so. In the judgment of this court, the moving pictures do not distinctly show how he used his foot in walking, and it is not distinctly apparent from these pictures that he did place his left foot flat upon the surface of the pavement.
Much evidence was introduced .relating to the existence of an X-ray plate showing a view of the left foot or ankle of Kiger. The evidence discloses that the receiver was not guilty of any want of due diligence in failing to discover the facts with reference to this X-ray plate, before the first trial, but the serious fact remains that it does not appear that the condition of the foot or ankle disclosed by this plate would be material on a retrial of the case. In fact, there is no evidence to disclose what the missing plate would show as to the condition. Neither does the evidence disclose that any unfair *60 advantage was taken of defendant in the trial court on the first trial, by reason of the failure to produce this missing plate. It is insisted by counsel for the receiver, however, that such improper argument was used on the hearing of the original case in the court of appeals, and it is contended that this fact is made to appear by introducing in evidence, on the hearing of the petition for new trial, a portion of the brief which was filed by counsel for Kiger and used by the court of appeals in the original case. Kiger, however, denies that he ever had possession of the missing plate, and his counsel may well have believed the position thus taken by Kiger, and, so believing, did not overstep the bounds of proper argument in commenting on the failure of the receiver to produce the missing plate, that plate having been made under the direction of a surgeon acting for the receiver of the company. Even if we should assume that unfair argument had been used in the court of appeals with reference to the missing plate, that would not justify the common pleas court in granting the petition for a new trial.
Much of the evidence relates to two pairs of shoes, one of which was found by detectives, after the trial, in the cellar or basement of the premises occupied by Kiger, and which pair, it is claimed, were his shoes and had been worn by him. Both Kiger and his wife deny that they were his shoes. Many circumstances appear to indicate that they were his. It is claimed, on behalf of the receiver, that the method of wear on these shoes, and the repairs made to them, indicate that Kiger’s manner of walking was the same before as after the *61 injury for which this action is brought. The significance to be given to the evidence disclosed by these shoes, and the manner in which Kiger walked, was a matter depending very largely upon the credit given by the trial court to the various witnesses who testified on the subject, and that testimony was in serious conflict. A number of witnesses testify that before the last injury Kiger walked normally, and it also appears from the evidence that before his last injury, being the one on which this action is based, he was performing regularly the work of a railroad switchman. So far as this branch of the case is concerned, we can not, therefore, interfere with the action of the trial court.
Two detectives employed by the receiver after the first trial testify that when Kiger walked, and believed he was not under observation, he placed the bottom of his left foot flat upon the ground or walk; while numerous neighbors and several med-. ical witnesses called by Kiger testify that he walked with the inside of his left foot raised, and the foot turned outward; and the medical witnesses further say that it was impossible to straighten his foot or ankle so that it could be placed in a natural position flat upon the ground. If the claim made by the receiver in this respect were substantiated by the evidence, it would follow that Kiger was guilty of malingering and attempting thereby, both before and at the trial, to deceive the court as to the nature and extent of his injuries.
The rule announced by the courts in cases where it is attempted to secure a new trial by reason of newly-discovered evidence is that such new trial *62 ought not to be granted unless the legitimate effect of such evidence, when considered in connection with that produced on the trial, ought to have resulted in a different verdict. See C., C., C. & I. Rd. Co. v. Long, 24 Ohio St., 133.
Many of the authorities so state the rule as to prohibit the granting of a new trial for newly-discovered evidence, unless the evidence is of such a character as to require a different verdict or finding, and this language is used in the opinion of Judge Mcllvaine in giving the reasons on which the supreme court based the judgment in the case just cited.
This court in the case of Bridge v. State, 20 C. C., N. S., 231, laid down the rule that the new evidence must be of such a character as to require a different verdict, before it would justify a new trial. See also Searles v. State, 6 C. C., 331, 344, and Cincinnati Traction Co. v. Fesler, 31 C. C., 631. The authorities are collected in 29 Cyc., 901.
Furthermore, it is said in Kroger, Admr., v. Ryan, 83 Ohio St., 299, 306, that new trials on the ground of surprise are and should be granted with great caution, and the granting or refusing of motions on this ground rests largely in the sound discretion of the trial court. The same subject is fully considered by the supreme court in Hurley v. State, 6 Ohio, 399, 404, and in Smith v. Bailey, 26 Ohio St., 1. See also Stuckey et al. v. Bloomer, Admr., 2 C. C., 541, 542, and Weber et al. v. Wiggins, 11 C. C., 18.
After a careful review of the evidence, we are unanimously of the opinion that the judgment is not so manifestly against the weight of the evi *63 dence as to require or justify a reversal, and the same will, therefore, be affirmed.

Judgment affirmed.

Chittenden, J., concurs.